IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEVIN ANTHONY MATHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-405 (MTT) |
| | ) |
| T.J. CONLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

On February 1, 2022, United States Magistrate Judge Stephen Hyles recommended granting the defendants' motion for summary judgment and dismissing Plaintiff Kevin Anthony Mathews's claims. Doc. 79. Claiming that he did not receive the Recommendation until February 23, Mathews requested an extension of time to object, and the Court extended the deadline to March 11. Doc. 81. Mathews did not object, and the Court adopted the Recommendation on March 21 after reviewing it for clear error. Doc. 82.

On March 22, the Court received Mathews's objection to the recommendation. Doc. 83. Mathews signed the objection on March 16, five days after objections were due. Thus, even under the prison mailbox rule, Mathews's objection is untimely. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating that a pro se prisoner's document is deemed filed on the date the prisoner delivers the document to prison authorities for delivery rather than on the date the document is received by the Court).

Accordingly, Mathew's objection to the Recommendation is untimely and the Court construes it as a motion for reconsideration.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Here, Mathews has not pointed to any intervening change in the law, newly discovered evidence, or clear error by the Court. Thus, Mathews's motion for reconsideration is **DENIED**.

But even if Mathews's objection had been timely, the result would be the same. After thoroughly reviewing the parts of the Recommendation to which Mathews objects, he has not shown that any of the conditions about which he complains rise to the level necessary to succeed on an Eighth Amendment conditions of confinement claim. "Only a deprivation which denies the minimal civilized measure of life's necessities is grave enough to violate the Eighth Amendment." *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994) (internal quotation marks and citation omitted). As for his deliberate

indifference to serious medical needs claim, Mathews has not shown that the medical care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpin*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted).  Mathews testified that during the relevant period, he was consistently given each of his prescribed medications, he was allowed a TENS unit for his back pain, he was allowed a back brace and a knee brace, and he was allowed to visit the medical department multiple times.  Docs. 69-2 at 42:6-43:12; 74 at 6-15.  And even though Mathews was not given a new pair of diabetic shoes while in administrative segregation, he admits that he had his old pair during this time.  Doc. 69-2 at 43:14-19.  Finally, to the extent the defendants disregarded his bottom bunk profile, Mathews has not established that doing so constituted deliberate indifference to a substantial risk of serious harm.  *See Hall v. Moore*, 2045 WL 9946410, at *9 (N.D. Fla. Dec. 29, 2015); *Redding v. Georgia*, 557 F. App'x 840, 844 (11th Cir. 2014).

In conclusion, the Court construes Mathews's untimely objection (Doc. 83) as a motion for reconsideration, which is **DENIED**.  But even if Mathews had timely objected, the Court still would adopt the Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the recommendation to which Mathews objected.  The Court still accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

**SO ORDERED**, this 24th day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-4-