IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KEVIN ANTHONY MATHEWS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:19-cv-405-MTT-MSH |
| | : | |
| T.J. CONLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Pending before the Court is Plaintiff's motion for sanctions or contempt of court (ECF No. 41). Plaintiff claims that Defendants intentionally submitted false statements to the Court regarding Plaintiff's exhaustion of administrative remedies. Mot. for Sanctions 1, ECF No. 41. Specifically, he asserts that Delois King falsely swore that "there are no records evidencing that inmate Mathews appealed the Administrative Segregation Assignment" or "the disposition of the disciplinary hearing[.]" King Decl. ¶¶ 5-6, ECF No. 36-1; Mot. for Sanctions 2. Additionally, Plaintiff challenges as false Defendant Palmer's statement that "[t]here are no records of inmate Mathews having filed a grievance about the conditions of his confinement in administrative segregation." Palmer Decl. ¶ 16, ECF No. 22-1. For the reasons explained below, Plaintiff's motion is denied.

"Rule 11 sanctions are warranted 'when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.'" *Johnson v. 27th Avenue Caraf, Inc.*, 9

F.4th 1300, 1314 (11th Cir. 2021) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)); *see also* Fed. R. Civ. P. 11(b).  Courts must look at the alleged sanctionable conduct and determine whether it was "reasonable[] under the circumstances and what was reasonable to believe at the time the pleading was submitted."  *Baker*, 158 F.3d at 524 (internal quotation marks omitted).  "Sanctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak.'"  *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting *Baker*, 158 F.3d at 524).

    Plaintiff fails to demonstrate that sanctions should be imposed.  Though Defendant Palmer's and Ms. King's declarations turned out to be inaccurate, they did not assert them in bad faith.  Rather, for whatever reason, Plaintiff's institutional file did not contain records of his administrative segregation assignment and disciplinary hearing appeals or his conditions of confinement grievance.  *See* 2d King Decl. ¶ 4, ECF No. 42-1.  This remains true.  *Id*. ¶ 6.  While it is concerning that the prison officials failed to follow their own procedures in retaining these records, the Court cannot find that Defendants acted with "deliberate indifference to obvious facts[.]"  *Riccard*, 307 F.3d at 1294 (internal quotation marks omitted).  Defendants simply relied on the facts before them in arguing that Plaintiff failed to exhaust his administrative remedies.  Accordingly, Plaintiff's motion for sanctions (ECF No. 41) is **DENIED**.

    SO ORDERED, this 7th day of April, 2022.

                                          /s/ Stephen Hyles  
                                          UNITED STATES MAGISTRATE JUDGE