**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **KEVIN ANTHONY MATHEWS,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**T.J. CONLEY,** *et al.*, )<br>)<br>)<br>**Defendants.** )<br>_____) | CIVIL ACTION NO. 5:19-CV-405 (MTT) |

## ORDER

On March 21, 2022, the Court adopted United States Magistrate Judge Stephen Hyles's Recommendation that summary judgment be granted for the defendants and that Plaintiff Kevin Anthony Mathews's claims be dismissed. Doc. 82. After a pending motion for sanctions was denied, judgment was entered in favor of the defendants. Doc. 89. The defendants then submitted a bill of costs, to which Mathews did not object. Doc. 90. Accordingly, $435.15 in costs was taxed against Mathews. Doc. 92. Mathews has now moved the Court to order the Georgia Department of Corrections to limit his payments to satisfy the Bill of Costs to twenty percent of his monthly prison account deposits. Doc. 93.

The defendants state that they do not "concede that the Court retains jurisdiction to rule over this ancillary issue in a closed case" and they ask the Court to dismiss for lack of jurisdiction. Doc. 94 at 1. The defendants add, however, that if the Court retains jurisdiction, fifty percent of Mathew's monthly account balance should go to satisfy the Bill of Costs. *Id.* The defendants cite no authority.

"It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 833 (11th Cir. 2018) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). Accordingly, the Court retains jurisdiction over this case for the purpose of the Bill of Costs.

The Prison Litigation Reform Act ("PLRA") requires that taxable costs be assessed in full against unsuccessful prisoner litigants. 28 U.S.C. § 1915(f)(2). The PLRA states that the same formula for paying filing fees should be used for the payment of costs. 28 U.S.C. § 1915(f)(2)(B) ("The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees[.]"). Thus, a prisoner proceeding IFP is required to make an initial payment of costs equal to twenty percent of the greater of (a) the average monthly deposits to his prison account or (b) the average monthly balance in his account over a six-month period. After the initial partial payment is paid, the custodian shall submit for payment of the costs twenty percent of the prisoner's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars, until the full costs have been paid. 28 U.S.C. § 1915(b).

Thus, Mathews's motion is **GRANTED**. As an initial payment of costs, the Georgia Department of Corrections may withdraw twenty percent of the greater of (a) the average monthly deposits to his prison account or (b) the average monthly balance in his account over a six-month period. To the extent an initial costs payment has already been withdrawn from Mathews's account, that money shall be returned to

-3-

Mathews's account, and the initial payment shall be calculated pursuant to this order. *See* Doc. 93-1 (exhibit that appears to show that the GDC withdrew all of Mathews's account deposits except $10.00).  After the initial costs payment is made, the custodian of Mathews's account may withdraw twenty percent of Mathews's preceding monthly income credited to his account, but only when the amount in his account exceeds $10.00.

**SO ORDERED**, this 25th day of July, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT